TROY S.,

      Plaintiff,

v.                                              Case No. 21-CV-365

MICHELLE KING,
Acting Commissioner of Social Security,[1]

      Defendant.

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

On December 14, 2021, I granted the parties' stipulated motion to remand this case to the Administration for further proceedings, thus reversing the Social Security Commissioner's decision denying claimant's claim for Disability Insurance Benefits. (Docket # 23.) The case was remanded for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (*Id.*) I granted claimant's request for attorney's fees under the Equal Access to Justice Act ("EAJA") on January 13, 2022 and awarded $7,245.24 in fees. (Docket # 27.) On remand, claimant received a favorable decision awarding disability benefits as of January 2021. (Docket # 28-2.) The Social Security Administration issued a Notice of Award letter dated May 14, 2024 stating that claimant was entitled to past-due benefits in the amount of $63,470.00. (*Id.* at 3.)

Claimant agreed to pay his attorney 25% of his past-due benefits award. (Docket # 28-1.) Twenty-five percent of $63,470.00 is $15,867.50. Claimant's counsel, Attorney Dana

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Michelle King is substituted for her predecessor. The Clerk is directed to update the docket accordingly.

Duncan, states that he expended 22.4 hours of attorney time litigating this appeal. (Docket # 28-5.) Because the amount of attorney time spent divided by the amount of § 406(b) fees owed equates to an hourly rate of approximately $708.37/hour, Attorney Duncan instead requests an hourly rate of $550/hour for the 22.4 hours spent. This amounts to § 406(b) fees in the amount of $12,320.00. (Docket # 29 at 3.)

As stated above, Attorney Duncan was previously granted EAJA fees in the amount of $7,245.24. (Docket # 27.) "[W[hen attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant." *Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993). Attorney Duncan requests that the Court subtract the previously awarded EAJA award from the requested § 406(b) fees and award counsel $5,074.76 ($12,320.00-$7,245.24=$5,074.76). (Docket # 29 at 3.) The Commissioner takes no position on Attorney Duncan's request to award a "net" fee rather than requiring counsel to refund the EAJA fee previously granted; however, the Commissioner argues that the reasonableness determination of the section 406(b) fee request must be based on the full 406(b) fees sought rather than the net fee awarded after the offset. (Docket # 30.)

Turning first to the reasonableness of the fee requested, the court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement, but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the

2

25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

Claimant entered into a 25% contingency fee agreement with counsel. Although 25% of the past-due benefits equals $15,867.50, counsel agrees to seek a reduced amount of $12,320.00. Thus, counsel has met the "one boundary line" of requesting a fee that does not exceed 25% of the past-due benefits.

However, within the 25% boundary, counsel must still show that the fee sought is reasonable. Counsel contends that the requested fee is reasonable for the 22.4 hours of attorney work spent in this case. (Docket # 29.) Attorney Duncan argues that he is an experienced attorney who has been litigating SSA law for the past twenty-five years. (*Id.* at 10–11.) He further argues that he achieved a favorable result for claimant, including more than two years of additional backpay and Medicare benefits eligibility since January 1, 2022. (*Id.* at 8.)

Pursuant to *Gisbrecht*, I find the requested fee is reasonable. Counsel obtained a fully favorable result for claimant, who was awarded disability benefits and was awarded back benefits of $63,470.00. I further find the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $12,320.00 for 22.4 hours of work equates to an hourly

3

fee of $550.00/hour, and this is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (approving an hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, at *1 (W.D. Wis. July 14, 2008) (approving an hourly rate of $666 per hour).

Turning next to Attorney Duncan's request for payment, he asks that rather than him refunding the $7,245.24 in EAJA fees to claimant, he requests that the amount be refunded directly by the SSA so that counsel need not issue a form 1099 to pay claimant. (Docket # 29 at 14.) Attorney Duncan argues that if claimant does not file taxes, the "potential exists" that counsel will be taxed on the amount. (*Id.*)

The netting method—whereby the court offsets the prior EAJA award instead of ordering that the attorney refund the award to the claimant—is "disfavored in light of the Savings Provision's language that anticipates an attorney-to-claimant refund." *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (internal quotations omitted). It is within the court's discretion whether to employ the netting method as requested by counsel or to require that counsel refund the EAJA award directly. *Id*. Counsel argues that if the netting method is not used, he *may* have to pay taxes on the amount *if* claimant does not file taxes. Counsel's argument rests on two contingencies that may not occur. Given the Seventh Circuit's guidance in *O'Donnell*, I decline to utilize the netting method in considering counsel's request for § 406(b) fees.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's motion for an

4

award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket # 28) is **GRANTED**. Attorney Dana Duncan is awarded fees in the amount of $12,320.00

    **IT IS FURTHER ORDERED** that upon receipt of this sum, Attorney Duncan is directed to refund $7,245.24, representing fees that were previously awarded under the EAJA, directly to claimant.

    Dated at Milwaukee, Wisconsin this 27th day of January, 2025.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge